**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

Ibrahim A. Mohammed,                )
                                    )
       Petitioner,              )         **ORDER DENYING MOTION TO APPOINT**
                                    )         **INTERPRETER AND COUNSEL WITHOUT**
vs.                                 )         **PREJUDICE**
                                    )
Joseph Joyce, Warden,               )         Case No. 1:26-cv-128
                                    )
       Respondent.             )

---

Petitioner Ibrahim A. Mohammed ("Mohammed") is an inmate at the North Dakota State Penitentiary. He initiated this action *pro se* and *in forma pauperis* on May 11, 2026, with the submission of a Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254. (Doc. Nos. 2, 3 and 5). On May 26, 2026, he filed what the court construes as a motion for the appointment of an interpreter and for counsel to assist him in this matter. (Doc. No. 8).  For the reasons that follow, the motion is denied without prejudice.

I.      **BACKGROUND**

Mohammed filed a habeas petition on May 11, 2026. (Doc. No. 3). His grounds for relief include <u>Brady</u> violations and spoliation of evidence, failure to provide a translator with the correct dialect at trial, and newly discovered evidence, among others. <u>Id.</u> On May 26, 2026, he filed a motion requesting the court to appoint an interpreter and counsel to assist him in this matter. (Doc. No. 8). Therein he asserts:

> [F]rom the moment he was arrested until now he has never had a interpreter to help him understand or comprehend the discovery or any communications between he and his Attorney nor did he understand any communications that take place in the court room. Throughout the entire process [he] has depended upon the assistance of various residents, within the prison population, to attempt to present "issues" from Within his case.

1

(Id.) (errors in original). He further asserts that he "has a learning disability and can not read English." (Id.).

In the interim, on May 13, 2026, the court issued an order giving Respondent sixty days to file a response to Mohammed's petition and setting a dispositive motion deadline of July 13, 2026.

## II.    DISCUSSION

A "habeas petitioner does not have a right to a court-appointed interpreter." Hersi v. Marquis, No. 1:18-CV-2437, 2019 WL 1639755, at *2 (N.D. Ohio Apr. 16, 2019) (citing Echevarriaromas v. Warden, No. 1:17CV641, 2018 WL 1070872, at *2 (N.D. Ohio Feb. 2, 2018); Youssef v. Miller, No. 1:15CV2150, 2016 WL 4248724, at *2 (N.D. Ohio Aug. 11, 2016)); see also Sahin v. Emig Att'y Gen. of the State of Delaware, No. CV 21-1313, 2026 WL 745072, at *3 (D. Del. Mar. 17, 2026) (denying without prejudice a petitioner's request for the appointment of an interpreter as he was able to articulate his claims in English and the state court records indicated his ability to communicate in English); Vargas-Rodriguez v. Ortiz, No. 18-2628, 2019 WL 2366968, at *6 (D.N.J. June 5, 2019) (collecting cases holding pro se civil plaintiffs, including habeas petitioners, are not entitled to interpreter or translator).

Similarly, a habeas petitioner does not have a right to court-appointed counsel. Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000); Blair v. Armontrout, 916 F.2d 1310, 1332 (8th Cir. 1990); see also Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993) (explaining that a habeas corpus proceeding is a civil proceeding to which the Sixth Amendment right to counsel afforded for criminal proceedings does not apply).  The court may nevertheless appoint counsel for a habeas petitioner at any time if it finds that "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2). If a court conducts an evidentiary hearing on the petition, the interests of justice

2

require that the petitioner be appointed counsel. See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). "If no evidentiary hearing is necessary, the appointment of counsel is discretionary." Abdullah, 18 F.3d at 573. When exercising its discretion, the court should determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that the interests of justice require it. Id. (citing 18 U.S.C.A. § 3006A(a)(2) and Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir.1990)). Thus, the court should consider a number of relevant factors, including the legal and factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. See id.; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Here, the court is disinclined to appoint an interpreter for Mohammed at this juncture. Mohammed has filed a habeas petition in which he cogently sets forth his grounds for relief and appears to have found someone who can assist him with interpretation/translation to the extent that such assistance is allegedly needed. Further, Respondent has yet to file a response to Mohammed's petition and there are presently no hearings scheduled in this matter. Thus, there is nothing for which Mohammed requires immediate interpretive assistance. Further, there is a dearth of information in the record regarding Mohammed's English proficiency or lack thereof. Finally, assuming that English is not Mohammed's native language, Mohammed fails to specify the required language and dialect for the interpreter he is requesting.

The court is also disinclined at present to appointment counsel for Mohammed. Neither Mohammed's claims nor the events giving rise to them appear to be overly complex. Moreover, as noted above, Mohammed has filed a habeas petition in which he cogently sets forth his grounds

for relief, which demonstrates his ability to present his case with the assistance presently available to him at the North Dakota State Penitentiary.

## III.    CONCLUSION

Mohammed's motion for the appointment of an interpreter and counsel (Doc. No. 8) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 23nd day of June, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court